Matter of Herbert (2022 NY Slip Op 03893)

Matter of Herbert

2022 NY Slip Op 03893

Decided on June 15, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2020-07106

[*1]In the Matter of Raleigh Douglas Herbert, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Raleigh Douglas Herbert, respondent. (Attorney Registration No. 2680536.)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. By decision and order on motion dated March 5, 2021, this Court immediately suspended the respondent from the practice of law, pursuant to 22 NYCRR 1240.9(a)(5), based upon uncontroverted evidence that he misappropriated funds entrusted to him as a fiduciary. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on April 10, 1995.

Diana Maxfield Kearse, Brooklyn, NY (Kathryn Donnelly of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated September 18, 2020, containing three charges of professional misconduct. The respondent served and filed an answer dated October 20, 2020. The Grievance Committee served and filed a statement of disputed and undisputed facts, to which the respondent filed a response. By decision and order on motion dated March 5, 2021, pursuant to 22 NYCRR 1240.8(b)(1), the issues raised in the statement of disputed and undisputed facts, and the response thereto, as well as any evidence in mitigation and/or aggravation, were referred to David I. Ferber, as Special Referee, to hear and report. After a hearing on June 10, 2021, at which the respondent failed to appear, the Special Referee submitted a report in which he sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has failed to interpose a response to the Grievance Committee's motion or otherwise request additional time in which to do so.
The Petition
Charge one alleges that the respondent has engaged in a pattern and practice of misappropriating funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
At all relevant times herein, the respondent maintained an attorney escrow account at Signature Bank entitled "R. Douglas Herbert Escrow Account," with an account number ending in 4098 (hereinafter the escrow account). Between October 2018 and July 2019, the respondent deposited into the escrow account $324,000, representing personal injury settlements received on behalf of 13 clients, and $16,029.56 received on behalf of other matters. By July 31, 2019, despite [*2]having only disbursed a total of $16,083.72 on behalf of 2 of the aforementioned 13 clients, the balance in the escrow account had been depleted to $1,138.82. During the same period, the respondent issued from the escrow account 123 checks, totaling $282,029.37, to himself, and 12 checks, totaling $41,005.06, to other clients and third parties, none of whom had funds on deposit in the escrow account.
Charge two alleges that the respondent engaged in a practice of failing to timely file retainer and closing statements with the Office of Court Administration (hereinafter OCA) in connection with personal injury cases, as required by 22 NYCRR 691.20(a) and (b)(1), in violation of rule 8.4(h) of the Rules of Professional Conduct, as follows:
Pursuant to 22 NYCRR 691.20(a), an attorney who has been retained in a personal injury matter on a contingency basis is required, within 30 days after the date of the retainer, to file a retainer statement with OCA setting forth specified information. Despite this, between 2012 and 2020, the respondent failed to timely file a retainer statement as required in 16 personal injury matters.
Pursuant to 22 NYCRR 691.20(b)(l), within 15 days following a personal injury settlement, an attorney is required to file a closing statement with OCA. Despite this, between 2017 and 2019, the respondent failed to timely file a closing statement as required in 16 personal injury matters.
Charge three alleges that the respondent failed to maintain required bookkeeping records for the escrow account, in violation of rule 1.15(d) of the Rules of Professional Conduct, in that he failed to keep a ledger book or similar record for the escrow account showing the source of all funds deposited therein; the names of all persons for whom funds were held; the amount of such funds; the charges or withdrawals from the account; and the names of all persons to whom such funds were disbursed.
Findings and Conclusion
In view of the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's unopposed motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline, we consider the respondent's failure to appear for the hearing or otherwise provide an excuse for his absence to be a significant aggravating factor. Moreover, by doing so, the respondent did not avail himself of the opportunity to present evidence in mitigation, and therefore the record is void in that respect.
In view of the egregious nature of the misconduct demonstrating a pattern and practice of willful misappropriation of client funds, the absence of any mitigation presented, and the presence of only aggravating factors, including the respondent's failure to appear at the hearing, a disbarment is warranted (see Matter of Gellerman, 124 AD3d 62).
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Raleigh Douglas Herbert, a suspended attorney, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Raleigh Douglas Herbert, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Raleigh Douglas Herbert, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Raleigh Douglas Herbert, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court